IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
**HONORABLE A. BRUCE CAMPBELL**

| | |
|---|---|
| In re: ) | |
| ) | |
| ZACHARY C. MASON, ) | Case No.  12-26209 ABC |
| ) | Chapter 7 |
| Debtor. ) | |

**ORDER ON DEBTOR'S MOTION FOR ISSUANCE OF SHOW CAUSE ORDER
AND REQUEST FOR FINDING OF CONTEMPT AND SANCTIONS**

On December 6, 2013, Debtor Zachary C. Mason ("Debtor") filed a Motion for Issuance of Show Cause Order and Request for Finding of Contempt and Sanctions Against Farm Credit of Southern Colorado, PCA and Farm Credit of Southern Colorado, FLCA, for Violation of Discharge Injunction and/or Automatic Stay ("Motion").  Farm Credit of Southern Colorado, PCA and Farm Credit of Southern Colorado, FLCA (collectively "Farm Credit") filed a response to the Debtor's Motion, and Debtor filed a reply.  Following a hearing on February 19, 2014, the Court took the matter under advisement.  Having considered the Motion, response, reply, and the arguments of counsel, and being otherwise advised, the Court finds and concludes as follows.

Prior to filing his bankruptcy, Debtor was indebted to Farm Credit on eight promissory notes ("Notes").  The Notes were secured by Deeds of Trust on real property located in Otero and Pueblo counties.  Debtor's Chapter 7 bankruptcy case was filed on August 1, 2012.  On October 31, 2012, this Court entered a Stipulated Order granting Farm Credit relief from the automatic stay to proceed *in rem* to foreclose on the collateral securing the Notes [docket #86](the "Stay Relief Order").  The Stay Relief Order provided:

> that the state court proceedings shall be limited to *in rem* relief as may be necessary to effectuate a foreclosure of [Farm Credit's] collateral and shall not be otherwise enforceable against the Debtor or the bankruptcy estate herein . . . . Farm Credit is hereby granted relief from stay in order to proceed to take possession of, by way of the appointment of a receiver and otherwise, and to foreclosure on the collateral above described, or if applicable, to proceed *in rem* with the above described litigation (but not to seek to enforce any judgment Farm Credit may obtain against property of Debtor's bankruptcy estate that is not collateral for [Farm Credit's] loans to Debtor, or against the Debtor personally, or against the Debtor's post-petition property . . .).

On November 13, 2012, Farm Credit of Southern Colorado, PCA filed a complaint alleging that all or part of the indebtedness owed by Debtor to it on four of the Notes was non-dischargeable under 11 U.S.C. § 523(a)(2),(4), and/or (6).  Debtor received a discharge under 11 U.S.C. § 727(b) on February 7, 2013.  This discharge is subject to the Court's determination in Farm Credit of Southern Colorado, PCA's adversary proceeding that all or part of Farm Credit of Southern Colorado, PCA's debt is excepted from the Debtor's discharge.

In accordance with the Stay Relief Order, Farm Credit proceeded with litigation in the District Court for Otero County, Colorado ("State Court") and obtained, on October 24, 2013, an order permitting judicial foreclosure of the real property collateral securing the Notes. The order from the State Court entered judgment against Debtor for the amount of principal and unpaid interest, through June 30, 2013, on each of the Notes. With respect to each of the Notes, the State Court's Order also provided that

> Judgment is also entered in favor of [Farm Credit] for its reasonable attorney's fees and costs . . . . However, the amount of attorneys' fees and costs to be awarded shall be determined upon application by [Farm Credit] from time to time after the entry of this Judgment without any specific bar date if [Farm Credit] elects to make application to this Court for attorneys' fees and costs to be added to this Judgment. [Farm Credit] has advised the court that [Debtor] has filed a Chapter 7 bankruptcy and that the judgment on [the Notes] shall be entered for the sole purpose of establishing the amount of [Farm Credit's] lien on the Property to be foreclosed. Therefore, [Farm Credit] may execute on this Final Judgment and Decree of Foreclosure only against the Property for which [Farm Credit] has obtained relief from stay pursuant to 11 U.S.C. § 362(d), and may not otherwise execute on any monetary judgment against [Debtor].

Thereafter, on November 8, 2013, Farm Credit filed a motion with the State Court requesting an additional judgment against Debtor in the amount of $8,498.50 which Farm Credit asserted was the amount of attorneys fees it incurred in responding to Debtor's efforts to contest the judicial foreclosure. Farm Credit argued that Debtor "took affirmative post-petition action to litigate a pre-petition claim," and that its attorneys fees incurred in responding to Debtor's actions were not covered by his Chapter 7 discharge. On December 6, 2013, Debtor filed the instant Motion, asserting that Farm Credit's November 8, 2013 motion for an additional judgment for attorneys' fees violated either the discharge injunction of 11 U.S.C. § 524(a)(2), or the automatic stay of 11 U.S.C. § 362(a).

Debtor does not specify what sub-section or sub-sections of Section 362(a)'s automatic stay he believes Farm Credit's actions violated. The Court finds, however, that there was no violation of the stay. Pursuant to 11 U.S.C. § 362(c)(2)(C), the stay preventing commencement or continuation of judicial proceedings against the Debtor to recover pre-petition claims was terminated on February 7, 2013, when Debtor's discharge was entered. The stay of actions against Farm Credit's collateral that was property of the estate was lifted, and the entry of a judgment against Debtor for the purpose of establishing the amount of Farm Credit's debt in the judicial foreclosure, was permitted by the Stay Relief Order which entered on October 31, 2012.

Farm Credit's actions may have violated the discharge injunction of 11 U.S.C. § 524(a)(2). This section of the Bankruptcy Code takes over when the stay ends and provides that Debtor's discharge "operates as an injunction against the commencement or continuation of an action . . . or an act, to collect . . any [debt discharged under section 727] as a personal liability of the debtor." Section 727(b) states that, except as provided in section 523, a discharge under Chapter 7

"discharges the debtor from all debts that arose before the date of the order for relief." "Debt" is defined in 11 U.S.C. § 101(12) as "liability on a claim." Therefore, Debtor's discharge encompasses all liabilities on claims arising pre-petition. The United States Supreme Court has held, in *Travelers Casualty & Surety Co. of America v. Pacific Gas & Electric Co.*, 549 U.S. 443 (2007), that a debtor's liability for attorneys' fees incurred post-petition by a creditor is part of that creditor's pre-petition claim if the basis on which the creditor is entitled to recover attorneys fees is a pre-petition contract. Farm Credit's right to recover attorneys fees is based on provisions in the Notes. Under *Travelers*, these attorneys fees are part of Farm Credit's pre-petition claim.

Farm Credit seems to recognize this, and has essentially conceded that its post-petition attorneys fees are part of its pre-petition claim, except to the extent it argues that Debtor "returned to the fray" by responding to Farm Credit's motion for summary judgment for judicial foreclosure. Farm Credit's "returning to the fray" argument is based on *In re Ybarra*, 424 F.3d 1018 (9th Cir. 2005). To the extent *Ybarra* maintains any viability after the Supreme Court's decision in *Travelers,* which this Court doubts, Debtor's actions in the state court judicial foreclosure were defensive in nature and do not rise to the level of affirmative action or "returning to the fray" which the Ninth Circuit found in *Ybarra* created a new post-petition debt.

Whether and to what extent Debtor's pre-petition debt to Farm Credit of Southern Colorado, PCA is discharged, and accordingly, whether Debtor has suffered any damages as a result of Farm Credit's November 8, 2013 Motion for additional attorneys fees has yet to be determined and depends on the outcome of Farm Credit of Southern Colorado, PCA's adversary proceeding. That matter is set for trial on November 3, 2014. The matter of whether Farm Credit has violated the discharge injunction in this case, and if so, the extent of damages suffered by Debtor and what sanctions are appropriate will be consolidated into the adversary proceeding. It is accordingly,

ORDERED that Debtor's Motion is denied as to his request for a finding of contempt against Farm Credit for violating the automatic stay; and it is

FURTHER ORDERED that Debtor's Motion, to the extent it requests a finding of contempt and imposition of sanctions against Farm Credit for violating Debtor's discharge injunction, is consolidated with adversary proceeding No. 12-1712 ABC, and an evidentiary hearing on the matter will be held in connection with the trial which commences on November 3, 2014.

DATED: April 21, 2014         BY THE COURT:

_____
A. Bruce Campbell,
United State Bankruptcy Judge

Case:12-26209-TBM Doc#:239 Filed:04/21/14 Entered:04/22/14 17:48:08 Page4 of 4